***********
The undersigned have reviewed the prior Opinion and Award based upon the evidentiary record before the Deputy Commissioner and the briefs and arguments of the parties. The parties have shown good grounds to reconsider the Deputy Commissioner's Opinion and Award. Accordingly, the Full Commission reverses the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award.
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties as:
 STIPULATIONS
1. The parties are bound by and subject to the North Carolina Workers' Compensation Act.
2. An employee-employer relationship existed between plaintiff and defendant-employer.
3. Key Risk Management Services, Inc. is the third party administrator on the claim.
4. This is an accepted workers' compensation claim by defendant-employer.
5. The date of the accident is October 19, 1995 when plaintiff fell at work while employed by defendant.
6. Plaintiff's average weekly wage is $753.96, which yields a weekly compensation rate of $478.00, the maximum compensation rate for 1995.
7. Leonard Nelson, M.D. performed a lumbar laminectomy on plaintiff on September 13, 1996.
8. In November of 1996, plaintiff was referred to David Cook, M.D. for chronic pain management. In March of 1998, plaintiff entered a pain management program at Bowman Gray Clinic and was discharged on April 3, 1998. Walter S. Davis, M.D. was the physician in charge.
9. On October 19, 1998, plaintiff obtained employment at Facilities Services, Inc., as a social worker.
10. On October 14, 1998, Donald Bivins, M.D. took over plaintiff's care as her treating physician and has continued to treat her since that time.
11. The only issue to be determined by the Commission is whether plaintiff is entitled to benefits under N.C.G.S. § 97-31 pursuant to the rating given by Dr. Davis (10%) or the rating by Dr. Bivins (42.5%).
12. The parties further agree that a formal hearing is not necessary and the Commission may decide the issue based on the stipulated evidence.
 ***********
Based upon the evidence of record, the Full Commission finds as fact the following:
 FINDINGS OF FACT
1. As a result of plaintiff's compensable injury by accident to her back, she underwent a lumbar laminectomy on September 13, 1996 performed by Dr. Leonard Nelson. Thereafter, during November 1996, plaintiff was referred to Dr. David Cook, for chronic pain management.
2. Subsequent to plaintiff's September 1996 surgery, she was treated by Dr. Walter S. Davis and Dr. Donald Bivins both of whom have assessed plaintiff's permanent partial disability. Their opinions concerning plaintiff's permanent partial impairment differ greatly.
3. During plaintiff's treatment in the Functional Restoration Program at the Wake Forest Medical Center, Dr. Davis was plaintiff's treating physician. On April 6, 1998, Dr. Davis determined that plaintiff had reached maximum medical improvement and released her to return to work with a 10% permanent partial disability to her back. Due to the fact that Dr. Davis was not deposed, there is little insight into the basis for his opinion regarding his rating which technically fits within the North Carolina Industrial Commission Rating Guide. Specifically, it is unclear what role plaintiff's pain and limited range of motion played in forming Dr. Davis' opinion.
4. Dr. Bivins, a neurologist, began treating plaintiff in October 1998. Thereafter, Dr. Bivins rated plaintiff at maximum medical improvement with a permanent partial impairment of 42.5% to her back. Unlike Dr. Davis, Dr. Bivins was deposed and provided detailed information concerning the basis of his opinion regarding plaintiff's rating. In forming his opinion that plaintiff sustained a permanent partial impairment of 42.5% to her back, Dr. Bivins used the Commission Rating Guide as a guide. However, Dr. Bivins indicated that the Commission Rating Guide which provides for a 10% to 15% rating does not fully take into account plaintiff's chronic pain or limited range of motion. Therefore, Dr. Bivins combined the Commission Guidelines with those of the American Medical Association for the purposes of assessing plaintiff's rating.
5. Furthermore, this case is complicated by the lack of information regarding the expertise of the physicians. There is no evidence of record concerning the expertise of Dr. Davis. In addition, Dr. Bivins has been involved in approximately 10 Workers' Compensation cases since 1998 and this case is the first case in North Carolina in which he has issued a rating.
6. Although the Commission Rating Guide indicates that a rating of 10% to 15% may be appropriate for a back injury which has resulted in a lumbar laminectomy, under the circumstances of this case, in particular, the limited evidence of record regarding the basis of Dr. Davis' opinion or his expertise, the greater weight of the evidence demonstrates that plaintiff has sustained a permanent partial impairment of 42.5% to her back.
 ***********
Based upon the forgoing stipulations, findings of fact and conclusions of law, the Full Commission concludes as follows
 CONCLUSION OF LAW
The Industrial Commission Rating Guide is to be used as a guide and deviations are permitted based upon the circumstances of the case including the medical evidence of record which takes into account the physician's experience and knowledge as well as the specific basis of the physician's medical opinions. Considering the very limited medical evidence of record, the greater weight of the evidence demonstrates that plaintiff has sustained a permanent partial impairment of 42.5% to her back and is therefore entitled to permanent partial disability for 127.5 weeks at the rate of $478.00 per week. It should be noted that the outcome of this Opinion and Award is dictated by the limited medical evidence and the specific circumstances of this case and is not meant to encourage deviations from the Commission Rating Guide. N.C.G.S. §97-31.
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following
 AWARD
1. Defendant shall pay to plaintiff in a lump sum, subject to a reasonable attorney's fee approved herein, for plaintiff's 42.5% permanent partial disability to her back, $478.00 per week for 127.5 weeks.
2. A reasonable attorney's fee in the amount of 25% of the compensation awarded to plaintiff herein is hereby approved to be deducted and paid directly to plaintiff's counsel.
3. Defendant shall pay the costs of this action due the Commission.
This the ___ day of November 2001.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER